IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, § § § § Plaintiff, § § V. § CIVIL ACTION NO. 7:21-CV-177 § LESLIE HARRIS AND § REBECCA CRENSHAW LYONS, § § Defendants. § | |

### PLAINTIFF'S ORIGINAL INTERPLEADER COMPLAINT

COMES NOW, Plaintiff Zurich American Insurance Company ("Zurich") and pursuant Rule 22 of the Federal Rules of Civil Procedure and files this Original Interpleader Complaint seeking the following relief from this Court:

### I.
### PARTIES

1. Plaintiff Zurich American Insurance Company ("Zurich") is a New York corporation with a statutory home office located at 4 World Trade Center, Greenwich Street, New York, New York 10007 and a principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196

2. Defendant Leslie Harris is a citizen of the State of Texas. She may be served at her address at 9018 West 57th Street, Odessa, Texas 79764.

3. Defendant Rebecca Crenshaw Lyons is a citizen of the State of Texas. She may be served at her address at 2067 County Road 2066, Hardin, Texas or wherever she may be located.

## II.
## JURISDICTION AND VENUE

4. This is an interpleader action filed pursuant to Federal Rule of Civil Procedure 22. The jurisdiction of this Court is based upon the diversity of the citizenship of the Plaintiff and the Defendants, pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of costs and interest.

5. The jurisdiction of this Court is also appropriate under federal question jurisdiction under 28 U.S.C. § 1331. Under 29 U.S.C. § 1132(a)(3), a plan fiduciary may bring an action to obtain appropriate equitable relief to enforce the terms of a plan. As discussed further below, Zurich is the plan fiduciary and has standing to being this action under the Employment Retirement Insurance Security Act of 1974 ("ERISA"), and an interpleader action constitutes appropriate equitable relief.

6. Venue is proper in this Court, because one of the defendants resides in this District (Ms. Harris), and both defendants are residents of the state (Texas) in which this District is located.

## III.
## SUMMARY OF THE FACTS

7. James Lyons passed away on May 20, 2020 in Odessa, Texas following a motorcycle accident that took place on May 3, 2020.

8. When he died, Mr. Lyons was employed by Western Midstream Services LLC ("Western Midstream").

9. As part of his employment benefits with Western Midstream, Mr. Lyons was enrolled as an insured in a Group Accident Policy, Policy No. GTU 0553396, issued by Zurich. Mr. Lyons was also enrolled as an insured in a Voluntary Group Accident Policy, Policy No. GTU 0553398 ("the Zurich Accident Policies").

10. Upon information and belief, Zurich alleges that Mr. Lyons most recently updated his beneficiary information and elections with regard to the Zurich Accident Policies in November 2019. At that time, it appears that Mr. Lyons elected to designate Ms. Lyons and Ms. Harris as contingent beneficiaries. However, Mr. Lyons did not designate a percentage of the proceeds to be paid to each beneficiary.

11. Zurich received a proof of death form dated July 9, 2020 from Western Midstream.

12. Zurich wrote to Ms. Lyons on August 29, 2020 acknowledging her claim and requesting additional information concerning the cause of Mr. Lyons' death as part of its investigation.

13. Zurich received all of the medical records pertaining to Mr. Lyons' treatment following the accident and the investigation records from the police who investigated the accident. Zurich determined that the accident was a covered loss under its policies.

14. On February 9, 2021, Zurich wrote to Ms. Harris and requested that she submit an accidental death proof of loss form.

15. Zurich investigated the information provided by Western Midstream concerning Mr. Lyons' beneficiary elections and concluded that it was impossible for Zurich to determine to whom the policy proceeds should be paid.

## IV. INTERPLEADER

16. Zurich incorporates by reference the allegations contained in Paragraphs 1 - 15.

17. Because the Defendants assert competing claims that may exceed the total policy limits available under the Zurich Policies, the Plaintiff moves for interpleader pursuant to Federal Rule of Civil Procedure 22.

18. Following the filing of this Complaint and the assignment of a case number, Zurich will deposit $578,000 with the Clerk of the United States Court for the Western District of Texas.

19. Upon depositing the $578,000, Zurich will seek to be discharged from any further liability for the fees and costs associated with the interpleader and apportionment of the insurance proceeds. Accordingly, the Defendants and/or the Court will be responsible for determining the method of apportionment of the interpleaded funds, and Zurich shall have no liability for the costs and fees associated with same.

20. Zurich has performed a service for the benefit of the Defendants by bringing all of the parties together in a single forum to expeditiously adjudicate all respective interests in the interpleaded funds.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Zurich respectfully prays that the Interpleader Defendants be cited to appear and answer herein, and that the Court adjudicate the conflicting claims and determine the lawful claimants to the interpleaded policy proceeds, and for all such other and further relief to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Rodrigo "Diego" Garcia, Jr.*
RODRIGO "DIEGO" GARCIA, JR.
State Bar No. 00793778
dgarcia@thompsoncoe.com
One Riverway, Suite 1400
Houston, TX 77056
Telephone: (713) 403-8206
Telecopy: (713) 403-8299